Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 200430-80787
DATE: May 28, 2021

ORDER

The application to readjudicate the previously denied claim of entitlement to service connection for tinnitus is denied.

The application to readjudicate the previously denied claim of entitlement to service connection for bilateral hearing loss is denied.

FINDINGS OF FACT

1. In February 2017, the Agency of Original Jurisdiction (AOJ) denied service connection for tinnitus and bilateral hearing loss; the Veteran did not initiate an appeal of the February 2017 rating decision within one year of notification of that decision, nor was any new and material evidence received within one year of that decision. 

2. No new evidence has been received since the February 2017 rating decision that tends to prove or disprove a matter at issue with respect to the Veteran's claims of entitlement to service connection for tinnitus and bilateral hearing loss. 

CONCLUSIONS OF LAW

1. The February 2017 rating decision that denied service connection for tinnitus and bilateral hearing loss is final. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103.

2. New and relevant evidence has not been received as to the claims of entitlement to service connection for tinnitus and bilateral hearing loss. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(a), 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from May 1965 to May 1968.

This matter comes before the Board of Veterans' Appeals (Board) from an April 2020 rating decision by the Agency of Original Jurisdiction (AOJ) that determined that new and relevant evidence had not been received to warrant readjudication of the Veteran's claim of entitlement to service connection for tinnitus and bilateral hearing loss. The Veteran requested direct review by the Board. 

Under the modernized review system, VA will readjudicate a previously and finally denied claim if new and relevant evidence is presented or secured. 38 C.F.R. § 3.156(d). "New" evidence is evidence "not previously part of the actual record before agency adjudicators." 38 C.F.R. § 3.2501. "Relevant" evidence is "information that tends to prove or disprove a matter at issue in a claim," and includes evidence that raises a theory of entitlement that was not previously addressed. Id. 

The Veteran's claims of entitlement to service connection for tinnitus and bilateral hearing loss were denied in a February 2017 rating decision. In the absence of a timely appeal or the submission of new and material evidence within one year, that decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.

The record at the time of the February 2017 rating decision included an October 2016 lay statement by the Veteran, indicating that he was repeatedly exposed to firearms noise during service and that he experienced ringing in his ears after this exposure. 

The record also contained service treatment records, which are negative for any relevant complaint, diagnosis, or abnormal finding.

Finally, the record contained the report of a VA examination conducted in January 2017, as well as an addendum report by the examiner dated in February 2017. The examiner concluded that tinnitus and bilateral hearing loss were not related to service, to include noise exposure that was conceded based on the Veteran's military occupational specialty of military police. 

The Veteran submitted the instant request for readjudication in February 2020. Appended to his request is a statement by his representative. This statement recites the history of the Veteran's claim and cites generally to case law. While these arguments were not part of the record at the time of the February 2017 rating decision, they are not new to the extent that they are redundant or cumulative of prior assertions made and considered by the AOJ.

The Board additionally notes that in March 2017, the Veteran submitted an authorization for release of medical records from VA, specifying that treatment dated from January 5, 2017 to February 3, 2017. Notably, records from that period are associated with the claims file, and include only reports of VA examinations. To the extent that relevant records include VA audiological examinations, that evidence was considered by the AOJ in February 2017; thus, these examination reports cannot be considered new. 

(Continued on the next page)

 

Given the above discussion, the Board finds that evidentiary record does not contain new and relevant evidence as of the date of notice of the prior disallowance. 38 C.F.R. §§ 3.156(d), 3.2501. Accordingly, as new and relevant evidence has not been received, the application to readjudicate the previously denied claims of entitlement to service connection for tinnitus and bilateral hearing loss is denied.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Barone, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.